**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4067**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM EARL MCLAUGHLIN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:14-cr-00097-F-1)

Submitted:  October 30, 2015          Decided:  December 3, 2015

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Earl McLaughlin challenges the reasonableness of the 30-month sentence imposed by the district court following his conviction, pursuant to a guilty plea, for bank theft, in violation of 18 U.S.C. § 2113(b) (2012). In imposing the sentence, the district court departed upward from the Sentencing Guidelines range, concluding that McLaughlin's criminal history category "substantially underrepresent[ed] the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2013). We affirm.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, the defendant does not assert procedural sentencing error, we turn our attention to the substantive reasonableness of the sentence, considering "the totality of the circumstances," id. at 51, and determining "whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]," United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014), and cert. denied, 135 S. Ct. 384 (2014). "An appellate court owes 'due

2

deference' to a district court's assessment of the § 3553(a) factors, and mere disagreement with the sentence below is 'insufficient to justify reversal of the district court.'" United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014) (quoting Gall, 552 U.S. at 51).

McLaughlin contends that the district court abused its discretion by upwardly departing under USSG § 4A1.3, p.s., because his criminal history, though lengthy, primarily included misdemeanor convictions and non-violent offenses. He contends that the court relied too heavily upon his early criminal history. The district court noted, however, that McLaughlin, currently age 51, began his criminal conduct at age 16, and "has consistently stolen from, robbed, and burglarized others since that time." The court noted McLaughlin's history for violent offenses, including robbery with a dangerous weapon, breaking and entering, and assault on a female. The court also considered that McLaughlin had been convicted of driving while impaired and failure to stop for a blue light—offenses that involve a risk of danger to others. Although the majority of McLaughlin's convictions were for misdemeanor offenses, we note that nothing in the language of USSG § 4A1.3, p.s., prevented the district court from relying on these unscored convictions in assessing McLaughlin's criminal history, and we conclude that it did not abuse its discretion by doing so.

3

McLaughlin also argues that the district court failed to properly consider all the sentencing factors, particularly the nature and circumstances of the instant offense. While the sentencing court is required to consider all the sentencing factors, it "need not 'explicitly discuss' each factor 'on the record' or 'robotically tick through § 3553(a)'s every subsection.'" United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (quoting United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006)). Although the court did not expressly discuss each of the sentencing factors, it is evident from the record that the court considered all the factors, including the nature and circumstances of the instant offense.

McLaughlin next argues that his departure sentence creates unwarranted sentencing disparities between him and other defendants who received within-Guidelines sentences after being convicted of bank theft and having the same total offense level and criminal history category as McLaughlin. He supports this argument with the fact that the Government recommended that the court depart upward to 24 months, rather than the 30 months to which the court departed. We disagree. The Sentencing Commission's adoption of the USSG § 4A1.3, p.s., departure renders the resulting sentencing disparity between McLaughlin and his putative comparators warranted. See 18 U.S.C. § 3553(a)(6); cf. Gall, 552 U.S. at 54. Although a sentencing

4

disparity based on a USSG § 4A1.3, p.s., departure might be unwarranted if the departure is inappropriately applied, the imposition of the departure, by itself, cannot be grounds for concluding that the resulting disparity is unwarranted.

Because McLaughlin has offered no meritorious reason why we should not defer to the district court's judgment, we conclude that the sentence imposed on McLaughlin is substantively reasonable. Accordingly, we affirm McLaughlin's 30-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED